## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JODI DORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 06-2240-CM** |
| ) | |
| **SUN LIFE ASSURANCE COMPANY OF** ) | |
| **CANADA,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Jodi Dore brings this case under 29 U.S.C. § 1132(a)(1) against defendant Sun Life

Assurance Company of Canada.  The case is before the court on defendant's Motion for Summary

Judgment (Doc. 11) and defendant's Motion to Strike Exhibits B Through G (Doc. 22).  Because

defendant fails to establish that the denial of benefits resulted from a reasoned application of the plan

to this case, defendant's Motion for Summary Judgment is denied.  The court did not consider the

challenged exhibits, making defendant's Motion to Strike denied as moot.  The case is remanded to

defendant for further proceedings.

**I.      Factual Background**

Plaintiff worked as an account executive for Sinclair Broadcasting and participated in the

"Sinclair Plan," which is an employee welfare benefit plan under the Employee Retirement Income

Security Act of 1974 ("ERISA").  As part of the plan, Sinclair Broadcasting delegated to defendant

"discretionary authority to make all determinations regarding claims for benefits under the benefit

plan insured by this policy."  This makes defendant the claims administrator and the insurer of this

plan.  The plan also defines total disability, in relevant part, as "the Employee, because of Injury or Sickness, is unable to perform each and every duty of his Occupation."

Plaintiff has several medical conditions.  These include diabetes, peripheral neuropathy, peripheral vascular disease, coronary artery disease, depression, hand tremors, and renal dysfunction. Additionally, plaintiff was diagnosed with carpal tunnel syndrome in July 2004.  Plaintiff had surgery for carpal tunnel syndrome in September 2004.

Because of plaintiff's carpal tunnel syndrome and surgery, defendant paid monthly disability benefits for the period between October 30, 2004 through December 10, 2004.  On January 31, 2005 defendant denied disability benefits for the time after December 10, 2004.  Plaintiff appealed that denial.

In plaintiff's appeal, plaintiff addresses several of her conditions, including leg and back pain preventing her from walking, hand tremors, and her vision.  Plaintiff stated that she will provide any further test results or information as needed during the appeal.  On her behalf, Dr. Gaffney, Dr. Silver, and Dr. Muther provided letters to defendant about plaintiff's condition and abilities.

On August 17, 2005, Dr. W. Wallace Watson reviewed plaintiff's file, including the letters from plaintiff's doctors.  Dr. Watson concluded that plaintiff was not disabled, dismissing some of the statements made by plaintiff's doctors.  The next day, defendant adopted and adapted Dr. Watson's findings and denied plaintiff's appeal.  In response to the denial of her appeal, plaintiff brings this case.

**II.    Motion for Summary Judgment**

**A.    Judgment Standards**

Although defendant's motion is for summary judgment, the traditional summary judgment standard is inappropriate when evaluating a denial of benefits under ERISA. *Panther v. Sun Life Assurance Co. of Can.*, 464 F. Supp. 2d 1116, 1121 (D. Kan. 2006) (citing *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994)). The appropriate standard is that similar to an appellate court, evaluating the "reasonableness of a plan administrator or fiduciary's decision based on the evidence contained in the administrative record." *Id.*

Where, as here, a plan gives the administrator or fiduciary discretion, the court evaluates the reasonableness under an arbitrary and capricious standard. *Hollingshead v. Blue Cross & Blue Shield of Okla.*, No. 05-6276, 2007 WL 475832, at *2 (10th Cir. Feb. 15, 2007). Under the arbitrary and capricious standard, the decision will be upheld unless there is no reasonable basis for the decision. *Kimber v. Thiokol Corp.,* 196 F.3d 1092, 1098 (10th Cir. 1999) ("The decision will be upheld unless it is 'not grounded on any reasonable basis.'") (internal quotations omitted). The standard of review is altered, however, when the plan administrator has a conflict of interest. *Fought v. Unum Life Ins. Co. of Am.*, 379 F.3d 997, 1003 (10th Cir. 2004). The standard remains arbitrary and capricious, but the amount of deference decreases proportionally to the extent of conflict present. *Kimber,* 196 F.3d at 1097; *Hollingshead*, 2007 WL 475832, at *3 ("[A] reviewing court 'undertake[s] a "sliding scale" analysis, where the degree of deference accorded the Plan Administrator is inversely related to the "seriousness of the conflict."'" (quoting *Allison v. UNUM Life Ins. Co. of Am.*, 381 F.3d 1015, 1021 (10th Cir. 2004)).

A conflict of interest exists where the plan administrator serves as the insurer and the administrator. *Lewis v. ITT Hartford Life and Accident Ins. Co.*, 395 F. Supp. 2d 1053, 1061 (D. Kan. 2005). Here, defendant is the insurer and the claims administrator for the plan. Other district courts have found a conflict of interest where the claims administrator is also the insurer. *See, e.g.*,

-3-

*Flanagan v. Metro. Life Ins.*, No. 05-CV-36-JHP-SAJ, 2006 WL 2571878, at *1 (N.D. Okla. Sept. 5, 2006); *Landheim v. Prudential Ins. Co. of Am.*, No. 2:04-CV761DAK, 2006 WL 978715, at *6 (D. Utah, Apr. 11, 206); *Warner v. Aetna Health Inc.*, 333 F. Supp. 2d 1149, 1151 n.2 (W.D. Okla. 2004).  This court follows that approach and finds a conflict of interest.

Because there is a conflict of interest, the burden shifts to defendant to "demonstrate that its interpretation of the terms of the plan is reasonable and that its application of those terms to the claimant is supported by substantial evidence." *Fought*, 379 F.3d at 1006.  The "court must take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest." *Id.*  It remains that the decision must "set forth the *specific reasons* for such denial, written in a manner calculated to be understood by the participant." *Flinders v. Workforce Stabilization Plan of Phillips Petroleum Co.*, 491 F.3d 1180, 1190–91 (10th Cir. 2007) (citing 29 U.S.C. § 1133(1)).

**B.     Analysis**

Defendant's motion contends that defendant's decision was a reasonable application of the plan in this case because none of plaintiff's conditions prevent her from performing the duties of her occupation.  Relying on the conclusions of Dr. Watson, defendant argues that because plaintiff worked with an array of conditions until her carpal tunnel syndrome required surgery, the remedy of surgery restored plaintiff to a capable state.  In other words, "the fact that [p]laintiff worked for many years when her condition was no different strongly supports the conclusion she is not disabled."

Plaintiff responds that defendant's decision was arbitrary and capricious, and not supported by substantial evidence in the record.  Additionally, plaintiff argues that defendant failed to follow

the proper procedure by: failing to obtain medical records that plaintiff referenced in her appeal; failing to include the qualifications of the reviewing medical doctor; and failing to list all of the medical experts that were consulted.  Similarly, plaintiff contends that defendant only conducted "an unreasonably highly selective review . . . ignoring plaintiff's diabetic peripheral neuropathy and plaintiff's functional limitations."

Plaintiff repeatedly stresses the results of a January 2005 treadmill test as an example of information overlooked by defendant.  Although the document that denies plaintiff's appeal references a treadmill test during which plaintiff "experienc[ed] symptoms of calf tightness" after "2 minutes at a 12 degree slope," defendant's denial applied this test result to conclude that plaintiff would have little trouble in her "ability to walk at a normal pace when walking on flat ground."  This contrasts with letters from plaintiff's doctors in the administrative record.  While Dr. Gaffney's letter agreed that plaintiff can only "complete two minutes on a treadmill test," it also states that plaintiff "cannot walk for [a] long period of time."  There is no mention of inclination in this restriction.  Dr. Silver's letter states more bluntly, "[s]he cannot walk any distance whatsoever due to her peripheral arterial symptoms."  In response, Dr. Watson's letter, on which the denial of appeal is based, discounts Dr. Silver's statement by stating, "[t]hat has been addressed above[; plaintiff] is able to walk."

Whether defendant's determination of plaintiff's walking ability was arbitrary or capricious remains unclear because the relevance of plaintiff's walking ability is not clarified.  Defendant's denial of total disability and denial of plaintiff's appeal do not discuss how plaintiff's conditions apply to any duty of plaintiff's occupation.  The Sinclair Plan defines "total disability" as "the Employee, because of Injury or Sickness, is unable to perform each and every duty of his own Occupation."  Without relating plaintiff's conditions to the duties of her occupation, defendant's

denials cannot be reasoned applications of the terms of the plan to this particular case. Consequently, defendant did not set forth the specific reasons for the denial, written in a manner calculated to be understood by the participant.

Under the sliding scale review created by the conflict of interest, defendant has failed to meet its burden. Defendant's motion for summary judgment is denied and defendant's denial is set aside as arbitrary and capricious. Because the basis of the court's decision is defendant's failure to clarify its findings that compare plaintiff's medical conditions to the duties of her occupation, the court remands the case for further findings and additional explanation. *See Flinders*, 491 F.3d at 1194 ("If the plan administrator failed to make adequate factual findings or failed to adequately explain the grounds for the decision, then the proper remedy is to remand the case for further findings or additional explantion."). Defendant must set forth the duties associated with plaintiff's occupation and examine whether plaintiff was able to perform those duties in December 2004.[1]

## III.    Motion to Strike

Defendant challenges plaintiff's exhibits B through G because they were not part of the administrative record and only the administrative record may be considered when reviewing an administrator's determination under the arbitrary and capricious standard. Because none of the challenged exhibits were relevant to the court's present review of defendant's determination, defendant's Motion to Strike Exhibits B Through G (Doc. 22) is denied as moot.

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment (Doc. 11) is denied.

---

[1]  The court also notes that simply reasoning that because plaintiff's carpal tunnel syndrome has been remedied by surgery, plaintiff has been restored to a condition in which she previously worked, does not explicitly examine whether plaintiff was able to perform her occupational duties in December 2004.

**IT IS FURTHER ORDERED** that defendant's Motion to Strike Exhibits B Through G (Doc. 22) is denied as moot.

**IT IS FURTHER ORDERED** that the case is remanded to Sun Life for determinations as discussed.

Dated this 17th day of September 2007, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
